PELEG CROSS

*v.*

THE WILL COUNTY NATIONAL BANK.

*Opinion filed December 21, 1898.*

1. MORTGAGES—*when second mortgagee is entitled to rents and profits collected by receiver.* The rule that a second mortgagee is entitled to the rents and profits of the mortgaged premises under a receivership secured by him on a bill to foreclose his security, applies generally in cases where the first mortgagee is not a party to the suit.

2. SAME—*receivership must be for the sole benefit of second mortgagee to entitle him to rents and profits.* To entitle a second mortgagee to rents and profits collected by a receiver appointed under a bill to foreclose his security, it must appear that the first mortgagee is not a party or that the receiver was appointed for the benefit of the second mortgagee alone, and not for the other parties to the suit.

3. SAME—*when rents and profits should be applied according to priority of liens.* Rents and profits collected by a receiver appointed under a bill by a judgment creditor to set aside prior mortgages in aid of his execution are properly applied according to the priority of the several liens, and not upon the claim of the judgment creditor alone, where the mortgagees are parties to the suit and the receiver is' appointed "for the protection of the interests of such as may be found to be interested in the property."

*Cross* v. *Will County Nat. Bank,* 71 Ill. App. 404, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

This case has been before us before, and is reported as *Cross* v. *Weare Commission Co.* 153 Ill. 499. The original bill was filed by Peleg Cross on September 10, 1890, setting up that on September 2, 1890, he had recovered a judgment against William M. and Albert A. Druley, as co-partners under the firm name of Druley Bros., for $7653.33; that execution was issued upon said judgment and levied upon certain leasehold properties, owned by the defendants, and known as the "Plainfield Elevator" and the "Caton Elevator," and also upon certain personal

177—3

property; and that the Weare Commission Company, and the Will County National Bank claimed interests in said elevators by virtue of mortgages held by them. The object of appellant's original bill was to set aside the said mortgages, as clouds upon the title to the property levied upon, in aid of the execution under which the levy was made. In *Cross* v. *Weare Commission Co. supra*, it was decided that the mortgage of the Weare Commission Company, and the mortgage of the present appellee, dated July 14, 1890, and recorded in Cook and Will counties in July, 1890, were sufficient for the purpose of conveying the property described therein as realty, and that they were entitled to priority over appellant's judgment and execution. The mortgage of the Weare Commission Company was upon the "Plainfield Elevator," and the mortgage of the bank, the present appellee, was upon the "Caton Elevator."

On September 16, 1890, upon the motion of the appellant, complainant in said bill, one William Grinton was appointed receiver, with directions that he should "take possession of the said two elevators, and care for the same, and keep them insured, and rent the same, and out of the rents pay the expenses." The receiver was authorized to rent, and did rent, on September 22, 1890, the "Plainfield Elevator" at $78.00 per month and the "Caton Elevator" at $154.00 per month. In its answer filed in said cause the appellee, which had procured judgment upon the judgment note secured by its mortgage, set up that, at the time of obtaining its judgment, the "Caton Elevator" was already in the possession of the sheriff under appellant's execution, and that afterwards a receiver was appointed upon the motion of appellant, who immediately took possession of said "Caton Elevator," so that it was impossible for the appellee to take possession of the same.

The appellee and the Weare Commission Company filed cross-bills in the suit to foreclose their mortgages, and,

on January 11, 1892, a final decree was entered finding the amounts due to the Weare Commission Company and to the appellant, and also finding, that there was due to the bank, upon its mortgage, the sum of $4141.28, and decreeing a foreclosure and sale of the "Caton Elevator" to pay appellee's mortgage. The former appeal, which brought the case to this court, was from this decree of January 11, 1892. While the appeal was pending, and in the fall of 1892, the "Caton Elevator" was burned down. In September, 1893, a petition was filed by the Weare Commission Company, reciting that William Grinton, the receiver, had become insolvent, and asked for his removal. Thereupon, Grinton was removed, and one George W. Young was appointed receiver in his stead.

A report, filed by Grinton as receiver, showed that he collected from the time of his appointment up to June 1, 1894, of rents on account of the Caton Elevator, $3187.88, and that he collected, on account of insurance upon that elevator, $5109.37, and on account of *debris* sold, $250.00, and that he had paid out $792.46, leaving a balance of $7754.80; that he had in his hands, of rent collected from the Plainfield Elevator, after making certain payments, a balance of $886.69; and that he also had of moneys received from other assets, after making certain payments from the same, a balance of $614.81. Under the foreclosure decree the two elevator properties were sold by the master on December 8, 1894; a deficiency decree was entered in favor of the appellee bank for $4743.42. And also a deficiency decree was entered in favor of the Weare Commission Company.

On account of Grinton's failure a settlement was made with his bondsmen, by which they paid over to Young, his successor, the sum of $2500.00. After paying out of this fund $75.00 for receiver's charges, there was left the sum of $2350.00 to be distributed among the parties entitled thereto. On June 23, 1896, the appellee filed a petition for the distribution of this fund by the receiver.

On January 11, 1897, the court entered a decree, find- ing that the Weare Commission Company had a first and prior lien upon the rents in the hands of the receiver derived from the Plainfield elevator, and that the appellee had a first and prior lien upon the rents and profits derived from the Caton elevator; and, by its decree, the court divided the said sum of $2350.00 into three funds, numbered 1, 2 and 3 respectively, the first representing the amount collected as rent from the Plainfield elevator, the second representing the amount collected as rent and insurance from the Caton elevator, and the third representing the amount collected from other assets of said partnership. Fund No. 1 was $225.10; fund No. 2, $1968.80; and fund No. 3, $156.10. The court, by its decree, directed that the costs should be paid out of fund No. 3; that the receiver should pay fund No. 1, namely $225.10, to the Weare Commission Company; and that he should pay fund No. 2, namely $1968.80, to the appellee.

An appeal was taken to the Appellate Court by the appellant from so much of the decree of distribution, entered by the court below, as directed the sum of $1968.80 to be paid to the Will County National Bank. One of the judges of the Appellate Court had presided at the trial of the cause in the circuit court, and, therefore, took no part in its consideration in the Appellate Court. The two other judges of the Appellate Court were divided in opinion as to whether the judgment of the circuit court should be affirmed or reversed, and, being so divided in opinion, affirmed the judgment of the circuit court. This appeal is prosecuted from such judgment of affirmance.

GEORGE S. HOUSE, for appellant:

The mortgagor in possession is regarded as the owner of the premises, and may take the rents and profits to his own use. He is, accordingly, not accountable to the mortgagee for rents and profits accruing after the beginning of proceedings to foreclose and before the mortgagee

is entitled to possession under the decree. The inclusion in and conveyance by the mortgage of the rents and profits or incomes with the appurtenances of the land is not sufficient to alter the rule. *Railway Co.* v. *Express Co.* 81 Ill. 534; *Silverman* v. *Insurance Co.* 5 Ill. App. 124; *Moore* v. *Titman*, 44 Ill. 367; *Davis* v. *Dale*, 150 id. 239.

After the filing of a bill to foreclose a mortgage a court of equity has jurisdiction to appoint a receiver to collect rents and profits at the application of the mortgagee. This relief does not arise directly from the contract of mortgage, but is an equitable relief, existing to the mortgagee as additional or collateral to his mortgage. *Gilman* v. *Telegraph Co.* 91 U. S. 603; *American Bridge Co.* v. *Heidelbach*, 94 id. 800; *Kountze* v. *Hotel Co.* 107 id. 392; *Teal* v. *Walker*, 111 id. 248; *Dow* v. *Memphis*, 124 id. 652; *Sage* v. *Memphis*, 125 id. 375; *Bank* v. *Shepherd*, 127 id. 500; *Astor* v. *Turner*, 11 Paige, 436; *Howell* v. *Ripley*, 10 id. 43; *Falkner* v. *Campbell Printing Co.* 79 Ala. 359; *Childs* v. *Hurd*, 32 W. Va. 67; Jones on Mortgages, 670, 772; *Leeds* v. *Gifford*, 41 N. J. Eq. 464; *Segmoriri* v. *Pate*, 32 S. C. 134; 15 Am. & Eng. Ency. of Law, 819.

Mortgagor may, as against mortgagee, assign rents and profits to accrue. *Leeds* v. *Gifford*, 41 N. J. Eq. 464.

An assignee for the benefit of creditors, under an assignment made before the bill filed by a mortgagee to foreclose, takes the rents and profits until the mortgagee obtains possession under his foreclosure proceedings. *Segmoriri* v. *Pate*, 32 S. C. 134.

A mortgagee claiming rents and profits after his right of entry has accrued must be active in making claim. The right of the mortgagor to them cannot be interrupted unless the mortgagee enters or gives notice to the tenant in possession, or unless, pending a bill for foreclosure, he obtains in aid of it the appointment of a receiver. As a mere incident to his legal estate they do not accrue to him. *Astor* v. *Turner*, 11 Paige, 436; *Gilman* v. *Telegraph Co.* 91 U. S. 603.

EGBERT PHELPS, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The fund, which the receiver was directed by the decree of the circuit court to pay to the appellee, consisted not only of insurance money collected by the receiver, but also consisted of rents collected by him under a lease made by him of the Caton elevator before it was burned down. The contention made by the appellant is, that such rents were improperly directed to be paid to the appellee, and that they should have been paid to him. Appellant concedes, that appellee's mortgage is entitled to priority over the lien of his judgment and execution; but he contends that, inasmuch as the receiver appointed by the court below was appointed upon his motion, the rents collected by such receiver should have been applied upon his judgment. Appellant obtained the judgment and levied the execution thereunder upon the elevators, and then filed a bill in aid of his execution to remove appellee's mortgage, and another mortgage, as clouds upon his title. He contends that his possession as judgment creditor is the same as that of a junior mortgagee, holding a mortgage subject to the mortgages of the appellee and the Weare Commission Company. William M. and Albert A. Druley, the mortgagors and judgment debtors, were in the possession of the elevators up to the time of the levy of appellant's execution upon the same and the taking possession thereof by the sheriff, which possession was transferred to the receiver appointed in the suit begun by appellant. They consented to the possession of the receiver appointed at the instance of appellant.

The rule at common law, and laid down by this court, is that a mortgagor is not required to account to the mortgagee for rents and profits while he remains in possession. (*Moore* v. *Titman,* 44 Ill. 367; *Mississippi Valley and Western Railway Co.* v. *United States Express Co.* 81 id. 534).

A mortgagee cannot interfere with the right of a mortgagor to collect the rents until he enters upon the property, or gives notice to tenants in possession thereof, or files a bill for the foreclosure of his mortgage and obtains, in aid of it, the appointment of a receiver. (*Scott* v. *Ware*, 65 Ala. 174). A mortgagee, filing a bill to foreclose a mortgage, will not be entitled to have a receiver appointed, unless it appears to the court that the mortgagor is insolvent and that the security is inadequate. It here appears that the mortgagors were insolvent, and that the mortgaged property was an insufficient security for the incumbrances upon it. (*Haas* v. *Chicago Building Society*, 89 Ill. 498). It is contended by appellant that, inasmuch as Druley Bros., as mortgagors, had a right to the rents of the mortgaged property so long as they were in possession, the right to such rents passed to appellant, through the receiver who was appointed upon his application. It is said in the text books and in many of the decisions of the courts, that a junior mortgagee, who obtains a receiver of the rents and profits in aid of a bill to foreclose his mortgage, is entitled to the rents and profits up to the time of appointing a receiver at the instance of a prior mortgagee. Undoubtedly, where the first mortgagee is not made a party defendant to a bill to foreclose filed by a second mortgagee, such second mortgagee, procuring the appointment of a receiver to collect the rents and profits, is entitled to have such rents and profits applied upon his mortgage to the exclusion of the prior mortgagee; and, in such case, the prior mortgagee will not be entitled to payment out of the rents, until he files a bill to foreclose his mortgage and procures the receivership to be extended to his security. (*Sanders* v. *Lord Lisle*, 4 Irish Eq. 43; *Agra Bank* v. *Barry*, 3 id. 443; *Lanauze* v. *Railway Co.* id. 454; *Post* v. *Dorr*, 4 Edw. Ch. 412). The rule, that a second mortgagee is entitled to the rents and profits of the mortgaged estate under a receivership secured by him on a bill filed to foreclose his mortgage, applies generally

in cases where the first mortgagee is not made a party to
the suit. As was said by the Supreme Court of the United
States in *Miltenberger* v. *Logansport Railway Co.* 106 U. S.
307: "The authorities limit the exclusive right of the sec-
ond mortgagee to the income of a receivership, created
under a bill filed by him, to a case where the first mortga-
gee is not a party to the suit." (*Howell* v. *Ripley*, 10 Paige,
43; High on Receivers, sec. 688). It must appear that
the first mortgagee is not a party to the foreclosure suit
begun by the second mortgagee, or that the receiver was
appointed for the benefit of the second mortgagee alone,
and not for the benefit of all the parties to the suit, in
order to secure to the second mortgagee the exclusive
right to the rents of the mortgaged property.

In *Williamson* v. *Gerlach*, 41 Ohio St. 682, where a junior
mortgagee commenced an action to foreclose, making all
lienholders parties, and upon his motion a receiver was
appointed, but the receivership was not limited to any
party or lien, it was held that the fund collected by
the receiver was applicable to the liens on the property
in the order of their priority; and, there, the court say:
"Where an incumbrancer has a receiver appointed for
his benefit, and other parties to the action, who may be
entitled to have the receivership extended to their liens,
take no steps to have the receivership thus extended,
the party procuring the appointment will be entitled to
the fund produced thereby because of his superior dili-
gence. The cases, in which a junior mortgagee has had
rents and profits collected by a receiver and applied to
his lien, are those in which, either the senior mortgagee
was not a party to the action, or the receiver was ap-
pointed for the benefit of the junior mortgagee, and the
receivership was not extended to the other liens."

The case of *Cincinnati Nat. Bank* v. *Tilden*, 50 N. Y. 366,
is an instructive one upon this subject. In the latter
case, a foreclosure of a second mortgage on a farm was
commenced, the holder of the first mortgage being made

a party; a receiver was appointed, the order appointing
him being general in its terms and not for the benefit of
any particular party; the action was delayed by appeals,
and a foreclosure of the first mortgage was begun, judg-
ment was entered, the farm was sold, and a deficiency
left; and a motion was made for an order, directing the
receiver to pay the amount in his hands, received from
the rental of the farm, to apply on the deficiency; it was
held, that the action of the lower court in denying this
motion was erroneous. It appeared in the *Tilden case*,
*supra*, that the receiver was appointed, not specially for
the benefit of the holder of the second mortgage, but that
his appointment was general, for the benefit of any party
who should appear to be entitled to the fund; and the
court there say: "The authorities referred to by the trial
justice  *  *  *  are cases where either an order appoint-
ing the receiver directed that the money should be ap-
plied in a specified manner, or were orders made in cases
where the party claiming the fund was not a party to
the action in which the receiver was appointed.  *  *  *
We think that, under the circumstances of this case, the
receiver having been appointed for the benefit of all par-
ties, the fund should be distributed according to priority
of liens." (*Keogh* v. *McManus*, 34 Hun, 521; Beach on Re-
ceivers, secs. 554, 555). The same doctrine is announced
by Jones in his work on Mortgages. (2 Jones on Mort-
gages,—5th ed.—secs. 1688, 1524). In the case of *Scott* v.
*Ware*, 65 Ala. 174, which is relied upon by counsel for ap-
pellant, the rule is recognized, that, where a junior mort-
gagee proceeds to foreclose his mortgage and obtains
a receiver of the rents and profits pending the suit, he
obtains a specific lien upon them if the senior incum-
brancers are not made parties.

In *Washington Ins. Co.* v. *Fleischauer*, 17 N. Y. Sup. Ct.
(10 Hun,) 117, a junior mortgagee had the rents of the
property applied to his mortgage to the exclusion of
prior mortgagees, but there the appointment of the re-

ceiver was made for the benefit of the junior mortgagee
only, and no other lienholder asked to have the receiver-
ship extended to any other lien.   Applying the doctrine
thus announced to the facts of the present case, we are
of the opinion that the court below committed no error
in decreeing that the rents should be paid to the appel-
lee, whose mortgage was a prior security to the judgment
of the appellant.

The original bill, filed by appellant, did not ask for
the appointment of a receiver for the sole benefit of the
appellant as judgment creditor; but the prayer of the bill
was, that "a receiver be appointed herein for the said
two leasehold interests hereinbefore named with the im-
provements thereon with the usual powers of receivers in
like cases." In this respect the bill was like the bill filed
in *Miltenberger* v. *Logansport Railway Co. supra*, of which it
was there said: "The original bill evinced no intention
to create a receivership for the sole benefit of the second
mortgage bondholders." In addition to this, the appel-
lee, the Will County National Bank, was a party defend-
ant to the original bill filed by the appellant in aid of the
execution issued upon his judgment.   Not only so, but the
order, appointing the receiver and entered on September
16, 1890, shows that the receiver was not appointed for
the benefit only of the appellant as a junior lienholder,
but was appointed for the benefit of all the parties to the
suit.   By the terms of that order the receiver is directed
"to take all needful and proper care of all said property,
and keep the said elevators, feed mills, with the machin-
ery and other structures on said leased ground, well and
properly insured, in safe and responsible insurance com-
panies, for the protection of the interests of such as may
be found to be interested in the property." The receiver
was therein directed to care for the elevators, and keep
them insured, and rent them, and out of the rents pay the
expenses, but in no sense was he directed to apply the
rents for the benefit exclusively of the appellant.   This

being so, it was proper to apply the rents to the liens on the property in the order of their priority; and, as the lien of appellee's mortgage was prior to that of appellant's judgment, appellee was properly entitled to have the rents applied upon its mortgage.

The decree of the circuit court and the judgment of the Appellate Court affirming that decree are affirmed.

*Decree affirmed.*