# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—MARCH TERM, 1900.

## Frank H. Atwood v. James S. Knowlson, as Receiver.

1. RECEIVERS—*Payment of Necessary Expenses, etc., Without Order of Court.*—Under the later and more liberal rule, a receiver is permitted to show that sums expended by him without the direction of the court were in the interest of the receivership estate, beneficial to it, that the cost was not unreasonable, and the court may in its discretion allow the same.

2. SAME—*Not Required to Give Bond for Costs upon Prospective Appeals.*—It is error to require a bond for costs upon a prospective appeal which has not been prayed for and allowed.

3. SAME—*Where Taxes are Proper Expenditures.*—Where taxes become liens upon mortgaged premises, before decree and sale in foreclosure proceedings, the amount paid by the receiver is a proper expenditure.

4. SAME—*Amounts Paid for Insurance and Repairs.*—Amounts paid for insurance and repairs, when it is shown that such amounts are for the reasonable costs of such insurance and repairs, should be allowed.

5. CHANCERY PRACTICE—*Where No Certificate of Evidence is Necessary.*—When hearing is before the master in chancery and his report contains the evidence heard by him, no certificate of evidence is necessary.

In Chancery.—Error to the Circuit Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed July 23, 1900. Notice, but no petition for rehearing filed.

(265)

**Statement.**—Upon August 7, 1895, defendant in error was appointed receiver in a suit to foreclose a trust deed upon real estate. He collected the rents and income of the property and made expenditures of the amounts collected without any order or permission of the court to thus pay out the receivership funds. In September, 1898, he was ruled to file a report as receiver. The court found upon the coming in of the report that defendant in error had collected as receiver the sum of $771, and that the various sums paid out by the receiver had been improperly expended. Thereupon the court ordered the receiver to pay over the sum of $771 to plaintiff in error, Atwood, the owner of the equity in redemption in the mortgaged premises, but as a part of the order provided as follows :

" It appearing to the court that the defendant, Frank H. Atwood, is a non-resident of Illinois, upon motion of the receiver herein, the said Frank H. Atwood is hereby ruled to file herein within thirty days from this date, his bond in the sum of $150 with surety to be approved by the court, and conditioned that he, the said Frank H. Atwood, pay, or cause to be paid, the costs accrued and to accrue upon the appeal in the said cause, in case the same or any portion thereof be adjudged in favor of the said receiver and against him, the said Frank H. Atwood. And it is further ordered that no proceedings be taken to enforce this decree until the said bond is filed by the said Atwood and approved by this court."

Atwood prosecutes this writ of error, assigning as error the order of the court requiring him to furnish bond, and the provisions of the decree that no proceeding be had to enforce it until such bond should be filed.

Defendant in error assigns as cross-errors that the various items of expenditure by him as receiver should have been allowed.

These items are for taxes, which were a lien upon the premises foreclosed before decree and sale; insurance upon the buildings upon the premises during the possession of the receiver; repairs claimed to have been necessary in order to maintain the premises and rent them; and commission for services as receiver. It is also assigned as cross-

error that the said court should have allowed and should have directed said receiver to pay to John H. Whittemore the sum of $108.09 deficiency, as shown by the master's report, before ordering any money paid to said Atwood; and that said court should have found in accordance with the terms of the trust deed in said cause; that all of the rents and profits collected by the receiver belonged to John H. Whittemore, purchaser at the master's sale.

John H. S. Lee, John C. Wilson and Grant Foreman, attorneys for plaintiff in error.

E. F. Gorton and George W. Brown, attorneys for defendant in error.

Mr. Justice Sears delivered the opinion of the court.

We are of opinion that the court erred in entering that part of the decree which required plaintiff in error to furnish a bond for costs upon a prospective appeal from the decree. There is no provision of the statute for requiring any such bond. Nor are we aware of any rule of practice which would authorize it. No such appeal had been prosecuted and there were no parties to an appeal at the time of the entering of the decree. It was a provision for an appeal which might or might not be prosecuted. We think the order was erroneous.

The various sums paid out by the receiver, defendant in error, were paid without any order or permission of the court. Under the rule once obtaining he could not be allowed anything for sums thus expended. But under the later and more liberal rule, it is permitted the receiver to show to the court that the sums thus expended without direction of the court were in the interest of the receivership estate and beneficial to it, and that the cost was not unreasonable, whereupon the court may, in its discretion, allow such expenditures. Kerr on Receivers (2d Ed.), p. 217; Beach on Receivers, Sec. 749; Hooper v. Winston, 24 Ill. 353; Brown v. Hazlehurst, 54 Md. 26; Tempest v. Ord,

2 Merivale, 55; Blunt v. Clitherow, 6 Ves. Jr. 799; Atty. Gen. v. Vigor, 11 Ves. Jr. 563.

Of the items claimed by the receiver to have been properly expended by him in the interest of the estate, and which were disallowed by the court, some, we think, should have been allowed.

The amount paid for taxes was a proper expenditure, for the taxes had became a lien upon the property before the decree and sale in the foreclosure proceeding. The amount paid out for insurance, if it had been shown to have been a reasonable cost of insurance, should have been allowed. High on Receivers, Sec. 798; Brown v. Hazelhurst, *supra*.

So, too, the items for repairs were matters for which the receiver might properly expend the funds of the estate, and have the expenditures allowed upon a showing that the repairs were necessary and the cost reasonable. The difficulty here is that while the insurance, and some repairs, seem from the evidence to have been necessary, yet it does not appear that the sums expended were a reasonable cost of the same.

We are unable to see why a fair amount should not be allowed as commissions for the services of the receiver. So far as the cross-error assigned in relation to the rights and interests of the purchaser at the foreclosure sale, and the owner of the mortgage debt foreclosed, in the receivership fund, is concerned, it is sufficient to say that however clear it may be that he was entitled to have the deficiency decree paid out of the fund if enough remained after necessary expenditures were allowed, yet he is not a party to this proceeding and the receiver is not in a position to assert his rights.

The objection urged, that the record fails to show by certificate of evidence that all the evidence is presented, is not tenable. The hearing was before a master in chancery, and his report contained the evidence heard by him. No certificate of evidence was necessary.

For the error in that part of the decree requiring a bond of plaintiff in error, and for the error in disallowing the

item for taxes paid by the receiver and disallowing all claim for receiver's commissions, the decree is reversed and the cause is remanded. Upon further hearing it may be shown what was the reasonable cost of insurance and necessary repairs and a fair allowance may be made for commissions to the receiver. Reversed and remanded.