Jacob S. Palmer, Appellant, v. Lewistown National Bank, Appellee.

Gen. No. 7,840.

1. FORECLOSURE OF MORTGAGES—*right of junior incumbrance to proceeds of receivership.* In order for junior incumbrance to be entitled to profits and proceeds of a receivership in preference to the senior or prior lienholder, it must appear that the senior lienholder is not a party to the foreclosure suit or that the receiver was appointed for the benefit of the junior incumbrance alone, and not for the benefit of all the parties to the suit, in order to secure to the junior incumbrance the exclusive right to the rents.

2. FORECLOSURE OF MORTGAGES—*senior lienholder not bound by decree appointing receiver during vacation.* Where senior incumbrancer foreclosed and applied for a receiver but no receiver was appointed, and during vacation junior incumbrancer filed petition for appointment of receiver and receiver was appointed without notice to the senior lienholder, the latter was not bound by any of the terms of the decree.

3. FORECLOSURE OF MORTGAGES—*receiver held not appointed for benefit of junior mortgagee alone.* Receiver appointed by court on petition of junior mortgagee held not appointed by the court for the benefit of the junior mortgagee alone to the exclusion of other lienholders, and junior mortgagee was not entitled to the rents collected by the receiver to the exclusion of the senior lienholders.

Appeal by plaintiff from the Circuit Court of Fulton county; the Hon. WALTER C. FRANK, Judge, presiding. Heard in this court at the April term, 1925. Reversed and remanded with directions. Opinion filed June 27, 1925.

HARRY M. WAGGONER and O'HARRA, O'HARRA & O'HARRA, for appellant.

GLEN RATCLIFF, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

The issues involved in this suit pertain to the right to a fund in the receiver's hands, showing a balance of $984.47 collected from rents, issues and profits of

the lands mortgaged after the deduction of all proper charges and expenses. The suit was brought by appellant Palmer to foreclose a mortgage given by the defendants James H. Shaw and Minnie Shaw, his wife, on January 7, 1918, for $10,000, upon which the interest remained unpaid and appellant averred that he had paid a large amount of drainage assessments and taxes which were in default upon the lands. Stephen Martin, to whom the equity in the lands had been transferred by the Shaws, was made a party defendant, and the Farmers State Bank of Lewistown and appellee, holding second and third deeds of trust for mortgage indebtedness, respectively, were made parties defendant. There were answers by the defendants holding the second and third trust deeds, and appellee filed a cross-bill from which it appears that on said 7th day of January, 1918, the defendants James H. Shaw and Minnie Shaw, his wife, executed a trust deed by way of mortgage security to one Lemuel Potts, subject to the said trust deed to appellant, for the principal sum of $6,000, upon which the makers were in default in the payment of interest; and that upon October 8, 1921, the said Shaws executed a trust deed as a third mortgage security to secure an indebtedness in the principal sum of $6,200 to appellee, drawing interest at the rate of 7 per cent per annum and falling due on January 7, 1923, subject to the said mortgages to appellant and the Farmers State Bank of Lewistown, and which indebtedness to appellee was past due at the time of the filing of said cross-bill. Proper answers and replications were filed. The cause was referred to the master in chancery and a report filed, with the proofs, by the master and a decree entered at the May term of the Fulton county circuit court on June 18, 1923.

We are not able to find in the abstract or in the record the master's report or the proofs taken before the master or anything as to the conditions or provisions in appellee's trust deed or mortgage, other

than as set out in the decrees entered and the allegations in the bill, answer and cross-bill. The decree finds that appellant's indebtedness amounted to the sum of $17,665, and that the defendants James Shaw and Minnie Shaw were insolvent and that the said Martin, who had assumed the payment of said indebtedness, was insolvent, and that the lands were scant security for the payment of said debt, and that under the terms and provisions of said trust deed appellant was entitled to have a receiver appointed during the period of redemption to collect the rents, issues and profits of the land and apply the same upon the costs, taxes, insurance and any deficiency upon a sale, of an amount to pay said debt and interest.

The decree further found that the total indebtedness under the trust deed to the Farmers State Bank amounted to the sum of $7,082.05 and that the same was subject to the indebtedness of appellant and there were similar findings under the terms of the second trust deed to the Farmers State Bank as to the insolvency of the Shaws and Martin, and that the land was scant security and the right to a receivership, in behalf of said bank, as found in favor of appellant. As to the indebtedness to appellant Palmer and the Farmers State Bank, the securities having been executed between July 1, 1917, and July 1, 1921, the court decreed the issuing of certificates to said creditors for the amount of said indebtedness and decreed a sale at the end of the period of redemption if the lands were not redeemed prior to that time.

The decree further found the indebtedness of appellee, upon said trust deed, to amount to the sum of $7,409.80, and made it subject to the indebtedness of appellee and the Farmers State Bank; found the same condition of insolvency as to the defendants and that the lands were scant security for the payment of said debt and as to appellee's indebtedness, the court found:

"That the rights of all the parties to the suit, other

than the said Jacob S. Palmer and the Farmers State Bank, * * * are subsequent, junior and inferior to the rights of the Lewistown National Bank under its said trust deed. * * * The Lewistown National Bank is entitled to have a receiver appointed with power to receive and collect the rents, issues and profits arising out of said premises during the pendency of this foreclosure suit and until the right to redeem said premises has expired; that the said real estate * * * is scant security for the payment of the amount due the Lewistown National Bank after satisfaction of the amount due Jacob S. Palmer and the Farmers State Bank, and that said real estate is not of sufficient value to pay the total amount due to said Lewistown National Bank, after satisfying the amounts due said Palmer and said Farmers State Bank; * * * that by reason of the insufficiency of the security and the insolvency of the persons who are personally liable for the payment of the indebtedness due said Lewistown National Bank, said Lewistown National Bank is entitled to a receiver to take possession of said premises and collect and receive the rents, issues and profits arising out of the same, and apply such rents, issues and profits so collected upon the payment of the expenses of such receivership and costs in this proceeding, and for proper insurance on the buildings and on said premises, and upon the taxes and necessary repairs and to apply the remainder upon the amount due to the said complainant in the original bill, and with the same powers and duties that a receiver usually has and performs.''

The decree as to appellee's trust deed—it having been executed after July 1, 1921—provided for an immediate sale. There was no receiver appointed by the terms of the decree or during the term. The May term of the Fulton county circuit court adjourned to court in course on June 27, 1923. On July 21, 1923, the master sold the lands to satisfy the indebtedness of appellee, and they were struck off to appellee for the sum of $6,000, subject to the rights of appellant and said Farmers State Bank of Lewistown, leaving

a deficiency of said debt owing to appellee in the sum of $1,567.25, which has not been paid.

In vacation after the May term of said court, 1923, appellee, upon giving notice to James Shaw, Minnie Shaw, Stephen Martin and Ora Shaw, who was in possession of said lands, presented its petition to the presiding judge of said court, setting out said sale and deficiency and praying for the appointment of a receiver. The court, in vacation, appointed the receiver and recited in the order:

"That in and by the said trust deed, given to petitioner, the rents, issues and profits of the said premises were mortgaged and that * * * such court might, at once, upon application therefor appoint any suitable person receiver with power to receive and collect the rents, issues and profits arising out of said premises and apply the same toward the payment of the expenses and costs in said proceeding, and for proper insurance on buildings, taxes and necessary repairs and the expenses of such receiver and any remainder on said indebtedness, and that said receiver should have full power of receivers and such other power in the premises as to the court may seem proper; and that said petitioner, the Lewistown National Bank, is entitled to have the rents, issues and profits belonging to the said Stephen Martin collected by a receiver and applied on the indebtedness still remaining due and owing to the said Lewistown National Bank.

"It is therefore ordered, adjudged and decreed that E. E. Routson be and he is hereby appointed receiver with full power and authority to collect the rents, issues and profits from the property described, * * *

"It is further ordered that E. E. Routson, as such receiver, shall make report from time to time to the Circuit Court of Fulton County, Illinois, of his acts and doings in the premises and bring the moneys so collected or received by him, as such receiver, in the court to be paid out and distributed under the order of said court."

A bond was required and given for such receiver

and appellee was required to and gave a bond in the sum of $2,500 to pay all damages caused by reason of the appointment of such receiver. The lands were not redeemed from the certificates issued upon the debts of appellant and the Farmers State Bank, and upon a sale held on October 11, 1924, the lands were sold for $1,280.17, less than sufficient to pay appellant's indebtedness, interest and costs upon the first trust deed, and leaving a deficiency in the sum of $1,280.17 upon appellant's indebtedness, and appellant and appellee each filed motions in this suit to have the balance in the receiver's hands applied upon his and its deficiency. The circuit court of Fulton county awarded the fund to appellee, holder of the third security, and appellant has brought the record to this court by appeal for review.

Various arguments are presented and cases cited in the briefs by counsel to support their respective contentions upon this record. The Supreme Court of this state in *Cross v. Will County Nat. Bank,* 177 Ill. 33, had before it the direct question as to when and under what circumstances a second mortgage or junior incumbrance would be entitled to the profits and proceeds of a receivership in preference to the senior or prior lienholder, and on page 40 of that opinion the court laid down the general rule:

"It must appear that the first mortgagee is not a party to the foreclosure suit begun by the second mortgagee, or that the receiver was appointed for the benefit of the second mortgagee alone and not for the benefit of all the parties to the suit, in order to secure to the second mortgagee the exclusive right to the rents of the mortgaged property."

It needs no argument to conclude that appellee, a third mortgagee, must come under the second clause of the subjunctive description in this case. There is some contention that the appointment of a receiver in this case in vacation, by petition, was a separate proceeding of which appellant did not form a part, and

while it is true that appellant was given no notice of the proceeding, the petition for the appointment of a receiver is entitled and numbered as the cause and original bill filed by appellant to foreclose his first mortgage and recites the entire proceedings, and it must be construed as a part of the foreclosure suit, instituted by appellant. In *Cross v. Will County Nat. Bank, supra,* the court, on page 42 says:

"The original bill, filed by appellant, did not ask for the appointment of a receiver for the sole benefit of the appellant as judgment creditor, but the prayer of the bill was, that 'a receiver be appointed herein for the said two leasehold interests hereinbefore named with the improvements thereon with the usual powers of receivers in like case.' In this respect the bill was like the bill filed in *Miltenberger v. Logansport, C. & S. W. Ry. Co.* [106 U. S. 307], *supra,* of which it was there said: 'The original bill evinced no intention to create a receivership for the sole benefit of the second mortgage bondholders.' In addition to this, the appellee, the Will County National Bank, was a party defendant to the original bill filed by the appellant in aid of the execution issued upon his judgment. Not only so, but the order, appointing the receiver and entered on September 16, 1890, shows that the receiver was not appointed for the benefit only of the appellant as a junior lienholder, but was appointed for the benefit of all the parties to the suit. By the terms of that order the receiver is directed 'to take all needful and proper care of all said property, and keep the said elevators, feed mills, with the machinery and other structures on said leased ground, well and properly insured, in safe and responsible insurance companies, for the protection of the interests of such as may be found to be interested in the property.' The receiver was therein directed to care for the elevators, and keep them insured, and rent them, and out of the rents pay the expenses, but in no sense was he directed to apply the rents for the benefit exclusively of the appellant. This being so, it was proper to apply the rents to the liens on the property in the order of their priority; and, as the lien of

appellee's mortgage was prior to that of appellant's judgment, appellee was properly entitled to have the rents applied upon its mortgage.''

In the case at bar appellee, in its cross-bill, prayed for the appointment of a receiver generally and not for the benefit of appellee's third mortgage alone, and in the decree appellee suffered the order of the court to be entered, decreeing that in case any receiver be appointed under the terms and provisions of appellee's trust deed, the rents and profits should be applied, when collected, ''upon the payment of the expenses of such receivership and costs in this proceeding, and for proper insurance on the buildings on said premises and upon the taxes and necessary repairs, *and apply the remainder upon the amount due to the said complainant in the original bill.''*

This decree was not appealed from and is still the decree settling the rights between the parties to this suit and is not reversed or vacated. But appellee contends that this decree was never given vitality by the appointment of a receiver and that its proceeding by petition, in vacation, was the first move in the cause to procure the appointment of a receiver, and that under the doctrine that equity aids the vigilant and not those who slumber on their rights (*Cornell v. Newkirk,* 44 Ill. App. 491, 144 Ill. 241; *Dell School v. Peirce,* 163 N. C. 424, 79 S. E. 687; and *Bridgewater v. Ocean City Ass'n,* 85 N. J. Eq. 379, 96 Atl. 905) the court should award the fund to the appellee in this cause.

Turning to the said petition submitted to the court in vacation, the petition recites various portions of the original decree and refers to the decree generally and makes it a part of the petition, the same and as fully as though it were fully set out in the petition, and the petition recites: ''that by virtue of the terms of said trust deed (3rd) and in accordance with the equity and good conscience, that your petitioner is entitled to have a receiver appointed to collect the

rents, issues and profits arising out of said premises during the period of redemption, etc.''

The petition further sets out that there are crops growing on the land and that it is necessary that the application be made in vacation in order that said crops and the rents, issues and profits may be secured  *  *  *  for the purpose of applying the same upon the deficiency due the petitioner, ''in accordance with the terms of said trust deed and as in equity and in good conscience they should be applied.''

Petitioner further alleges that said Ora Shaw was in possession of said lands, and that under the terms of such tenancy said defendant Martin was the owner of one-half of said crops, and ''that under the terms of said trust deed said crops should be preserved and secured to your petitioner to apply on the indebtedness still due your petitioner.''

The prayer of the petition is that the court appoint a receiver ''to take charge of said premises described herein and to collect the rents, issues and profits thereof and to account for the same to this court and to pay the same out under the further order of the court.''  We have already cited the substance of the order, based upon such petition.  It does not find that such rents and profits should be recovered expressly for the appellee alone to the exclusion of all other lienholders.  The order merely recites: ''that appellee was entitled to have the rents, issues and profits collected by a receiver and applied on the indebtedness still remaining due and owing to the said Lewistown National Bank,'' but no such order was entered, but the receiver was ordered to collect and to make report from time to time to the circuit court of Fulton county and ''to bring the moneys so collected or received by him in the court to be paid out and distributed under the order of said court,'' the order apparently following that portion of the petition wherein petitioner states that such payments should be applied, ''in accordance with the terms of the

trust deed and *as in equity and in good conscience they should be* applied." This is far from an order setting aside these rents and profits for the benefit of appellee's mortgage alone to the exclusion of other lienholders, and is, without doubt, in consonance with the view that all parties had of the situation at that time, namely, that the mortgages would have to be paid off in accordance with their seniority and that the lands would likely sell for sufficient to pay the indebtedness of the first and second mortgages, and that, if appellee secured any funds to apply upon its indebtedness, such funds would have to be secured through a receivership.

There are two substantial reasons why the decree of the circuit court of Fulton county cannot stand: First, appellee is bound by the decree of June 18, 1923, finding that any surplus of rents, issues and profits, secured by a receivership under the terms of appellee's trust deed, should be paid over to the complainant in the original bill, appellant. Appellee's trust deed is not in the record and it may be that the original decree was so drafted from the terms and provisions of appellee's trust deed. Appellant was not a party to the petition and decree entered in vacation and is not bound by any of the terms of the decree. Second, appellee, by the pleadings and orders entered, has not brought itself within the rule laid down in *Cross v. Will County Nat. Bank, supra,* that the receiver was appointed for the benefit of the junior mortgagee alone to the exclusion of other lienholders, which rule must be conceded to be the law of this State on the authority of the case cited. It follows that the decree of the circuit court of Fulton county should be reversed and the cause remanded with directions to enter a decree in the court below in accordance with the views expressed in this opinion.

*Reversed and remanded with directions.*