Herbert E. Verst, Appellant, v. Foreman-State Trust and Savings Bank et al., Appellees.

Gen. No. 36,534.

Opinion filed May 8, 1933.

SID MOGUL, for appellant; SAMUEL GROSSMAN, of counsel.

TENNEY, HARDING, SHERMAN & ROGERS, for appellee University of Chicago; HENRY F. TENNEY, L. DOW NICHOL, JR., and WILLIAM W. MILLER, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by complainant from an order denying his motion to vacate a prior order directing the receiver herein to apply $2,269.48 in his hands on account of accrued taxes levied upon the property involved in foreclosure proceedings.

The lien for taxes is a first and prior lien to all titles and claims of all parties. *People v. Evans,* 262 Ill. 235. It is well established that a court having under its control property upon which taxes are due, will, as the representative of the sovereignty, direct them to be paid before all other claims except judicial costs. Cooley on Taxation (4th ed.), vol. 3, sec. 1352. In *Wiswall v. Kunz,* 173 Ill. 110, it was held that taxes upon property in the hands of a receiver may properly be regarded as part of the costs and expenses of receivership and may be ordered paid as other costs and expenses. Among other decisions in this State asserting this rule are *Gorham v. Farson,* 119 Ill. 425; *Atwood v. Knowlson,* 91 Ill. App. 265; *Ortengren v. Rice,* 104 Ill. App. 428. In *Driever v. Shephard,* 259 Ill. App. 239, we said in substance that if the current taxes were not paid a superior lien would be established, and that the receiver should see that the property is carried to the judicial sale free and clear of such liens.

Cases from other jurisdictions supporting this view are *Walser v. Northern Valley Bldg. Corp.*, 109 N. J. Eq. 126, 156 Atl. 783; *American Nat. Bank v. Northwestern Mut. Life Ins. Co.*, 89 Fed. 610; *In re Tyler*, 149 U. S. 164. In *Taylor v. Sutherlin-Meade Tobacco Co.*, 107 Va. 787, the court held that "It is the universal rule that a court, as the representative of the sovereignty of the state, will make no order for the distribution of funds *in custodia legis* until provision is made for payment of taxes and levies due to the commonwealth and its municipalities."

It is also the rule in this State that taxes upon property foreclosed cannot be paid by the receiver after sale. Reeve's Illinois Law of Mortgages, vol. 2, sec. 564. This distinction was discussed and observed in *Bothman v. Lindstrom,* 221 Ill. App. 262; also in *Stevens v. Hadfield,* 196 Ill. 253, and *Davis v. Dale,* 150 Ill. 239. The reason for this is that the owner of the equity of redemption is not chargeable with payments of taxes for the purchaser, except in case of redemption as provided by statute. Cahill's St. ch. 77, ¶ 28.

In *Ranney v. Peyser,* 83 N. Y. 1, cited by complainant, at the time of the entry of the order that the receiver pay taxes the first mortgagee had foreclosed the mortgage and had purchased the property himself. It was held that he had bought the lands subject to taxes. In the instant case, when the receiver was ordered to pay the taxes in question there had been neither decree nor sale. Under these circumstances the court properly could order the receiver to pay the taxes out of any funds coming into his hands as part of the costs and expenses of the receivership.

The particular circumstances presented in this case make it especially fitting that the receiver should pay the taxes. There were two mortgages upon the premises involved; the complainant filed his bill to fore-

close the second mortgage and secured the appointment of the receiver; the trust deed under which the receiver was appointed provided that the court could authorize him to pay taxes, and the order appointing him directed him to pay taxes; subsequently, at the instance of complainant, an order was entered to pay to the University of Chicago, the holder of the first mortgage, $750 a month on account of past due interest; in his petition for this order the complainant stated that the University had expressed a willingness to refrain from foreclosing its first mortgage if such payments were made out of the income received by the receiver; this arrangement apparently was carried out for about a year, but in June, 1932, the complainant made a motion asking the court to order the receiver to cease making the monthly payments for the reason, as stated in the petition, that the rentals had decreased and that in order to have the receiver properly administer his duties, "it is necessary to maintain a balance for the payment of taxes" and other expenses that will be charged against the premises; an order was accordingly entered. In April, 1932, complainant had obtained an order authorizing the receiver to make a partial payment of $1,000 on the 1930 taxes.

September 15, the University filed its petition in the instant case, stating that it represented the owner of the notes secured by the first mortgage; that it had filed a bill to foreclose and asking for leave to make the receiver in the second mortgage foreclosure a party defendant in the suit to foreclose the first mortgage; leave was granted; September 21, the University moved that the receivership ordered at the instance of complainant be extended to cover the foreclosure proceedings brought by the University, and an order to this effect was entered.

September 30, the receiver filed a report and account showing that he had a balance on hand of $2,649.47,

and thereupon, on motion of the University, it appearing that the general taxes for the years 1929 and 1930 in the amount of approximately $4,888.06 were due and unpaid, it was ordered that the balance of $2,649.47 in the hands of the receiver should be by him applied on the general taxes then due and unpaid. It will thus be seen that the receiver was appointed for the specific purpose, among others, of paying the taxes out of any rents and profits coming to his hands. The order extending the receivership to the first mortgage foreclosure proceedings shows that the receivership was not for the sole benefit of the second mortgagee. This being so, it was proper for the receiver under the order of court to apply the funds in his hands to the payment of taxes. As between the rights of the second mortgagee to the funds, the lien of the State for taxes was prior. *Cross v. Will County Nat. Bank,* 177 Ill. 33; *Palmer v. Lewistown Nat. Bank,* 238 Ill. App. 492.

Complainant says that he had no notice of the motion by the University for the receiver to pay taxes, as is required under Rule 21 of the superior court, which rule says that all parties in interest are entitled to notice of such motion. In the order permitting the University to make the receiver a party defendant, in the order extending the receivership, upon the filing of the receiver's report, and in the order directing the receiver to apply the balance in his hands on account of taxes, it is recited that due notice was given to all parties.

Even if complainant did not have notice, he thereafter had a full hearing upon the merits of the order in question. Within three days after the order was entered, after other counsel had been substituted for complainant, the court permitted him to file a petition seeking to vacate the order of September 30; answers were filed and a hearing had; the motion to vacate was denied. In *Farmer v. Fowler,* 288 Ill. 494, it was

argued that a certain order had been entered without notice, contrary to the rules of court. It was held that as the record showed there was a hearing upon the merits upon a motion to set aside the order, it was immaterial whether the trial court violated its rules requiring notice. So in the instant case, complainant was heard upon his motion to vacate the order and was, therefore, not prejudiced by any failure in regard to rules with respect to the first order.

The order directing the receiver to apply the funds in his hands on account of taxes past due was properly entered by the chancellor and complainant's motion to vacate this order was properly denied.

The order of the superior court is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.