Frank C. Cochran, Complainant, v. Abimelech Malick et al., Defendants.

Edward G. Schottler, Appellant, v. Oscar Sandstrom et al., Appellees.

Gen. No. 8,625.

Opinion filed September 20, 1933.

PEDEN, MELANIPHY, RYAN & ANDREAS, for appellant; WILLIS A. OVERHOLSER, of counsel.

EDWARDS & BLOCK, for appellees; SIDNEY H. BLOCK and J. E. BAIRSTOW, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This case was before this court on a prior appeal as Gen. No. 8,369, and the facts involved in the mechanic's lien in the same suit were before this court as Gen. No. 8,318. While these two appeals were pending in the Appellate Court a sale of the property was had. The property was sold for $14,021.74, an amount sufficient to satisfy in full the complainant in the mortgage foreclosure suit with an overplus of $1,176.17. After the sale of the property cross-bills were filed by Sandstrom and Rynskel jointly, and by Schottler,

the purpose of which was to continue the receiver in possession during the redemption period. In their joint cross-bill Sandstrom and Rynskel Brothers alleged that their lien claims were unpaid; that the Liberty Supply & Lumber Company had been adjudged bankrupt and that Abimelech Malick, the owner of the equity, was insolvent; that the premises were not adequate security for the amount due Sandstrom and Rynskel under the decree, and that the only funds out of which Sandstrom and Rynskel could be paid were the rents that would accrue in the receiver's hands and unless realized from time to time their debts would be entirely lost. The cross complainants made a motion to continue the receiver, in possession of the property.

In the order entered on the 24th of February, 1931, the court found the proceeds of the sale were insufficient to satisfy the claimant's lien; that the premises were insufficient security for the payment of the indebtedness secured by the mechanic's lien on the premises, and that Malick and the Liberty Supply & Lumber Company were insolvent. The court continued the receiver in possession for the statutory period of redemption. There accumulated in the hands of the receiver during the entire period for which he served the net amount of $2,375.13 after the payment of all the receiver's fees, attorneys' fees, expenses and so forth.

During this time, both of the former decrees were affirmed by this court, which found that Sandstrom and Rynskel had valid mechanic's liens against the premises involved, and affirmed the findings of the trial court that their liens for the amounts due them were prior and superior to the lien of the $25,000 trust deed of the appellant Edward G. Schottler. The question of the priority of the claims of the appellee and appellant were finally adjudicated in our opinion in that case.

The receiver filed his final report on August 22, 1932. At that time a motion was made on behalf of Sandstrom and Rynskel Brothers for a distribution of the money in the hands of the receiver to be paid to them to apply toward the payment of the unsatisfied portion of their lien claims. Edward G. Schottler, the appellant herein, at that time made a cross motion for the application of the funds in the receiver's hands on the indebtedness of the mortgage held by him, which was involved in the two appeals above referred to.

The master sold the premises in February, 1930, for a sum sufficient to satisfy the debts due the complainant, Cochran, in the original suit, and realized over and above the sum necessary to satisfy him in his claim an overplus of $1,176.17. The court entered an order directing the receiver to pay the sums of money in his hands to Oscar Sandstrom and the Rynskel Brothers, to apply on their unpaid lien claims. Malick, the owner of the equity of redemption, and Russell Edward, the receiver, have not appealed from this decision. Edward G. Schottler, the holder of the note secured by the trust deed, which had been decreed by the decree of foreclosure to be subject and subordinate to the liens of Sandstrom and Rynskel Brothers, brings the case to this court for review.

The question involved in this suit is, Shall money realized by the receiver from the property be distributed to those holding liens against the property in discharge of their debts, in the same priority and order as their lien attached to the premises from which the income was derived?

Cahill's St. ch. 82, ¶ 12 (section 12 of ch. 82 of Smith-Hurd's 1931 revised statutes) provides that "the court shall have power to appoint receivers for property on which liens are sought to be enforced in the same manner for the same causes and for the same purposes as in cases of foreclosure of mortgages,

etc." In our former opinion we held that the appellees in this case had a prior lien to that of the appellant. It is contended by the appellant that on account of their mortgage providing that the rents and profits should be applied to the payment of their mortgage, they are entitled to the proceeds of such rent, now in the hands of the receiver, to be applied on their indebtedness. The receiver who had formerly been appointed to collect the rent and profits for the benefit of the holders of the first mortgage was on motion of the appellees continued for the benefit of lien claimants. This under the statutes was their legal right.

We are of the opinion that the court properly found that the money in the hands of the receiver should be apportioned among the lien claimants in accordance with their priority as found by the trial court and affirmed by this court. (*Cross v. Will County Nat. Bank,* 177 Ill. 33.) We find no reversible error in this case and the judgment of the circuit court of Lake county is hereby affirmed.

*Judgment affirmed.*