Edward I. Cohn (Complainant), Appellant, v. William J. Martin et al., Defendants.
Edward I. Cohn (Cross Defendant), Appellant, ads. Chicago Trust Company (Cross Complainant), Appellee.

## Gen. No. 34,361.

Heard in the second division of this court for the first district at the June term, 1930. Opinion filed June 30, 1930.

JOSEPH ROSENBERG, for appellant; MILTON M. HERMANN, of counsel.

DEFREES, BUCKINGHAM, JONES & HOFFMAN, for appellee; VINCENT O'BRIEN and JOHN M. BAKER, of counsel.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

This is an appeal from an interlocutory order extending a receivership to protect the interests of the cross-complainant (appellee), a first mortgagee. Cross-defendant, Edward I. Cohn (appellant), on January 10, 1930, filed his verified bill of complaint for the foreclosure of a junior trust deed, and alleged that he was the owner and holder of all the notes secured by said trust deed. The bill prayed for the ap-

pointment of a receiver, and the Straus National Bank and Trust Company of Chicago was appointed receiver on January 21, 1930. On February 28, 1930, on motion of Chicago Trust Company, cross-complainant (appellee), the following order was entered:

"This matter coming on to be heard upon the motion of Chicago Trust Company, individually and as Trustee, for leave to become a party defendant to the above entitled cause, to file instanter its answer and cross-bill of complaint, etc.

It appearing to the Court that due notice hereof has been given to all parties of record:

It Is Ordered that leave be, and it hereby is, given said Chicago Trust Company, individually and as Trustee under trust deed recorded in the Recorder's Office of Cook County, Illinois as Document No. 10036337, to become party defendant to the above entitled cause and to file instanter its answer to the bill of complaint herein.

It Is Further Ordered that leave be, and it hereby is, given said Chicago Trust Company, individually and as such Trustee, to file instanter its cross-bill of complaint and that process issue pursuant to the prayer thereof.

It Is Further Ordered that the complainant and the defendants, A. G. Denison and Goldye Denison and Louis Grollman, plead, answer, demur or except to said cross-bill of complaint within 20 days.

It Is Further Ordered that the order entered herein appointing Straus National Bank and Trust Company receiver be and it hereby is, extended to protect the interests of the said cross-complainant."

Edward I. Cohn, cross-defendant, has appealed from that order.

The appellant contends that "the order for the extension of a receivership is, in legal contemplation and effect, equivalent to an original appointment, and that

all the necessary requirements, statutory and otherwise, which are prescribed in the making of an original appointment, must be fulfilled,'' and that ''therefore, an order for the extension of a receivership must provide for cross-complainant's bond or must show good cause why such bond should be waived,'' and that ''no provision was made in the extension order for the giving of a bond by cross-complainant, nor did the order recite that the Court was of the opinion, after notice and full hearing, that bond should be waived, nor did it assign any reasons whatsoever for such a waiver,'' and that, therefore, that part of the order of February 28, 1930, extending the receivership should be reversed. The only statutory provision that bears upon the present contention, and the one upon which appellant must necessarily rely, is Sec. 1, Par. 55, Ch. 22, Cahill's Ill. Rev. Stat. (1929), which reads as follows:

''That before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court or judge may order and with security to be approved by the court or judge, conditioned to pay all damages including reasonable attorneys' fees sustained by reason of the appointment and acts of such receiver, in case the appointment of such receiver is revoked or set aside; *provided,* that bond need not be required, when for good cause shown, and upon notice and full hearing, the court is of opinion that a receiver ought to be appointed without such bond.''

Chicago Trust Company, cross-complainant (appellee) contends that ''an order 'extending' a receivership to protect the interests of another encumbrancer is not the 'appointment' of a receiver within the provisions of the statute requiring the filing of a bond.'' It seems clear to us that the contention of the appellant is not supported by the express language of the statute. The statute provides for the giving of a bond

only on the *"appointment"* of a receiver, and it specifies only one person who is required to give a bond, namely, *the applicant* for the receiver. The appellee did not apply for the appointment of a receiver, nor does the order appoint a receiver, nor does it extend the receivership to additional property, nor does it in any way affect the "appointment" of the receiver that had already been made. The question as to whether or not a chancellor might exact an additional bond from a party asking that the receivership be extended to additional property, is not before us for determination. The only Illinois case cited by the appellant in support of his contention is *Chicago Title & Trust Co. v. Bickley,* 255 Ill. App. 45, but we do not regard it as an authority in support of appellant's contention. In that case, a junior mortgagee filed a bill to foreclose and had one Johnson appointed receiver. Later, a prior mortgagee filed a separate bill and procured an order in his own proceeding that the receivership of Johnson in the former case be extended to the prior mortgagee's case, and that the said Johnson "as receiver in this case of said premises, is ordered to file in this cause a bond as such receiver, in the usual form, in the penal sum of $10,000, with surety to be approved by this court." The order further provided that the complainant "shall not be required to give the bond provided by the statute." We find from the briefs filed in that case that the appellant contended that "the extension to a new suit of a receivership pending under an appointment in a prior suit is in effect the same as appointing a new receiver . . . and is in all other respects the same as the appointment of a new receiver," and this contention was not challenged or questioned in any way by the appellee. In view of the position of the parties, in that regard, the Appellate Court treated the cause as an appeal from an interlocutory order appointing a receiver. This is ap-

parent from the first sentence in the opinion. However, the situation in *Chicago Title & Trust Co. v. Bickley*, was not the same as is presented in the present proceeding. In that case the senior mortgagee saw fit to start separate proceedings and the receivership order entered therein upon its motion expressly designated Johnson "as receiver in this case of said premises." Moreover, the order required Johnson to file a bond as receiver "in this cause," although he had already filed a bond in the other proceeding and exactly the same property was involved in both cases.

In our judgment, the cross-complainant (appellee) was not required by the statute to furnish a bond upon the entry of the order extending the receivership and the interlocutory order of the Superior Court of Cook County, of February 28, 1930, is affirmed.

*Affirmed.*

GRIDLEY and BARNES, JJ., concur.