Philip Goldberg, Appellant, v. Jacob Hoffman et al., Defendants. Chicago Trust Company, Appellee.

Gen. No. 35,096.

Opinion filed May 19, 1931.

LESTER PLOTKIN, for appellant.

DEFREES, BUCKINGHAM, JONES & HOFFMAN, for appellee; VINCENT O'BRIEN and JOHN MERRILL BAKER, of counsel.

MR. JUSTICE KERNER delivered the opinion of the court.

This is an interlocutory appeal from an order entered January 15, 1931, extending a receivership to protect the interests of the Chicago Trust Company, complainant in another cause pending in the superior

court of Cook county. September 18, 1930, Philip Goldberg, complainant in the instant case, filed his verified bill in case No. 524249, to foreclose a trust deed dated January 12, 1930, on the premises involved in this cause, which bill alleges that the trust deed foreclosed by the complainant (appellant) is subject to a prior incumbrance of $325,000, and on September 24, 1930, the court appointed Herbert M. Magnuson receiver. The petitioner (appellee) served notice on the solicitors for Philip Goldberg, complainant (appellant), that on January 15, 1931, it would appear before the chancellor and present a petition praying that an order be entered in the instant case extending the receivership to protect its interests in the premises. The petition is not verified and alleges that on November 25, 1930, petitioner filed in the superior court of Cook county, against Jacob Hoffman and others in case No. 527736, its bill of complaint seeking the partial foreclosure of trust deed Document No. 10166587, made by Jacob Hoffman and Ida Hoffman, his wife, to the National Bank of Chicago, as trustee, conveying the real estate and premises described in the bill of complaint in this cause; that the said trust deed so sought to be foreclosed in case No. 527736 is a valid and subsisting first and prior lien upon the said real estate and upon the rents, issues, income and profits thereof, which in and by said trust deed are expressly conveyed and pledged to secure the payment of the indebtedness therein described; that petitioner, as complainant in said cause, is the owner and holder of $8,000 of bonds and $9,750 of interest coupons, all of which came due under the said prior lien trust deed on October 1, 1930, which bonds and coupons remain due and unpaid and that by reason of the premises petitioner elects to make operative as a specific charge upon the rents, issues, income and profits of said premises the conveyance and pledge

thereof contained in said trust deed; that on September 24, 1930, Herbert M. Magnuson was by order of this court appointed receiver of and for said real estate and of and for the rents, issues, income and profits thereof, and that he is now the duly appointed, qualified and acting receiver in this proceeding, and petitioner avers that the said order heretofore entered in this proceeding appointing said receiver should be extended to protect the interests of petitioner in and to said real estate and in and to the rents, issues, income and profits thereof, hereafter accruing, as complainant in said cause No. 527736.

Based on this unverified petition, it was ordered that the order appointing Herbert M. Magnuson receiver of and for the real estate described in the bill of complaint and of and for the rents, issues, income and profits thereof, be extended to protect the interests of the Chicago Trust Company, complainant in said cause No. 527736.

The appellant contends that "an order extending a receivership to protect the interests of other incumbrances is equivalent to an original appointment and must comply with all of the requirements of an original order of appointment," and one who petitions for the extension of a receivership must find himself in the same situation as an original petitioner, that is, the petitioner must have a defaulted obligation, secured by an incumbrance on real estate, which must subject the rents, issues and profits as security for his lien; the property involved must be scant and meager security; the maker of the security must be insolvent and that waste is being committed; that an original appointment would not be made unless the above facts are averred; that the petition in the instant case is silent as to the sufficiency of the property as security for the incumbrance and makes no mention of the financial condition of the makers of the

paper secured by its incumbrance; that no charge is made that waste is being committed; that the order appealed from does not mention the giving of bond and no reason is assigned for failure to require bond. This identical contention was made in the case of *Cohn v. Martin*, 258 Ill. App. 248, and decided adversely to appellant's contention; in that case we said (p. 250):

"The only statutory provision that bears upon the present contention, and the one upon which appellant must necessarily rely, is sec. 1, par. 55, ch. 22, Cahill's Ill. Rev. Stat. (1929), . . . The statute provides for the giving of a bond only on the *'appointment'* of a receiver, and it specifies only one person who is required to give a bond, namely, *the applicant* for the receiver. The appellee did not apply for the appointment of a receiver, nor does the order appoint a receiver, nor does it extend the receivership to additional property, nor does it in any way affect the 'appointment' of the receiver that has already been made."

It is also contended that the petitioner (appellee) was not entitled to the extension order because it was not a party and did not become a party to the instant cause. We think the contention is without merit. The lien of the complainant (appellant), second mortgagee, on the rents was always subject to the prior lien, pledge and conveyance thereof evidenced by the first mortgage. Any exclusive right that the appellant had to rents through the appointment of a receiver at his instance is predicated not on his second mortgage contract but on his superior diligence. Such exclusive right continues, of course, only so long as the prior mortgagee refrains from asserting his prior right. (*Cross v. Will County Nat. Bank*, 177 Ill. 33, 39.) The court appointing the receiver has the power

to determine priority and to give each party protection. (*Coleman v. Wrobel,* 255 Ill. App. 622.)

"All the authorities sustain the proposition that, when a court of equity acquires jurisdiction of a cause, and appoints a receiver to take charge of the property involved, then no other court of co-ordinate jurisdiction has any power or authority to interfere or meddle with the property in the hands of the receiver, but must leave the court appointing the receiver untrammeled in its administration of the same, as the law directs, regardless of whether the original appointment was or was not erroneous. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons, and has no reference to the supremacy of one tribunal over the other, nor to the superiority in rank of the respective claims, in behalf of which the conflicting jurisdictions are invoked. Nor is the rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, . . . '' (23 Ruling Case Law, sec. 71.)

The appointment of the receiver in the instant case deprived the appellee (petitioner) of the power which it would otherwise have possessed to choose a forum in which to assert its rights and compelled it to resort to the court in the instant case. Here the demand that the receivership be extended to protect its interests could be acted upon only by the court appointing the receiver. The appellee (petitioner), in pursuance of the only course open to it, filed in the instant case its petition setting forth the facts showing its right to the income and containing ample prayers to entitle its claim to recognition. Parties in interest may assert their rights by intervention, notwithstanding that they may be neither necessary nor proper parties com-

plainant or defendant to the main cause in which the receiver has been appointed. (*Coleman v. Wrobel, supra; Sage v. Memphis & L. R. R. Co.*, 125 U. S. 361; *Minot v. Mastin,* 95 Fed. 734; *Odell v. Batterman Co.*, 223 Fed. 292; *Atlantic Trust Co. v. Dana,* 128 Fed. 209.)

We are of the opinion that there was no error in entering the order of January 15, 1931, extending the receivership, and the order is affirmed.

*Affirmed.*

SCANLAN, P. J., and GRIDLEY, J., concur.