Gustav E. Seegren, Appellant, v. Theodore F. Decker et al., Appellees.

Gen. No. 35,606.

Opinion filed November 12, 1931.

ERNEST A. EKLUND and FREDERICK J. BERTRAM, for appellant.

PRITZKER & PRITZKER, for certain appellee; ARTHUR J. GOLDBERG, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

This is an appeal from an interlocutory order extending a receivership to protect the interests of Herman S. Strauss, complainant, in a certain other

cause pending in the circuit court of Cook county as case No. B-212247, wherein said Strauss sought to foreclose a prior incumbrance on the same property.

On October 17, 1929, Gustav E. Seegren, as complainant, filed his verified bill of complaint in the circuit court as case No. B-189957 to foreclose a trust deed dated May 15, 1929. The bill alleges that the trust deed sought to be foreclosed is subject to the lien of a prior trust deed made by Clarendon Club Building Corporation to Herman S. Strauss, trustee, securing an indebtedness aggregating $250,000; that the makers of said prior indebtedness have defaulted in payment of monthly deposits on account of the principal and interest; that on the first day of October, 1929, there was past due and unpaid, on account of said principal, $2,500 and interest amounting to $1,506.25; that the premises are scant security for the payment of the first mortgage indebtedness secured thereby. Incidental to the main relief sought, there is a prayer for the appointment of a receiver *pendente lite*.

On October 18, 1929, the Union Bank of Chicago was appointed receiver on complainant's motion. Thereafter Herman S. Strauss, trustee, petitioner herein, served notice on complainant's solicitors that he would appear before the chancellor, to whom the instant case was assigned, and present a petition asking that an order might be entered extending the receivership to case No. B-212247, also pending in the circuit court. The petition is verified and alleges in substance that petitioner is complainant in the case entitled *Herman S. Strauss v. Clarendon Club Building Corporation,* and seeks therein to foreclose a trust deed on the same property involved in the instant case; that said trust deed provides that in the event of a default of any of the conditions contained therein, a receiver might be appointed to take charge of the premises and the rents, issues and profits therefrom; that the premises are

scant security for the lien of the trust deed being foreclosed by petitioner in case No. B-212247, and that the signers of said trust deed and bonds are not responsible for any deficiency decree that might be entered.

To this petition, complainant filed an answer, setting up that the trust deed therein sought to be foreclosed is a first mortgage upon the real estate in question, and that petitioner, as complainant, is entitled to have the premises sold in said proceedings for the use and benefit of such trust deed free and clear of all other mortgages or liens, and sets out facts tending to show that the actual value of the premises securing both petitioner's and complainant's trust deeds at the time of the filing of said petition was in excess of the mortgage indebtedness, and, therefore, ample security for the lien of Herman S. Strauss, as trustee.

On July 31, 1931, upon the hearing of the motion, Seegren offered to prove that the real estate in question was ample security for the trust deed of Herman S. Strauss, as trustee, but the court refused to consider the evidence, holding it to be irrelevant and immaterial. The chancellor then entered the order extending the receivership to the case entitled *Strauss v. Clarendon Club Building Corporation,* for the benefit of the complainant and the holders and owners of the bonds and interest coupons secured by the trust deed therein being foreclosed.

As ground for setting aside this order, it is first urged that (1) the petition of Herman S. Strauss was insufficient in form to entitle the petitioner to relief because it did not contain the requirements of a bill of complaint or of any regular chancery pleading, and that (2) petitioner was not a party to the suit, and, therefore, not entitled to obtain relief or participate in the proceeding until or unless he became a party by leave of court and the filing of appearance and pleadings in the case. A similar situation existed in the re-

cent case of *Goldberg v. Hoffman,* 262 Ill. App. 112, wherein this court sustained an order for the extension of a receivership upon an unverified petition at the instance of one who was not a party to the proceeding, and with reference to the contention that one not a party in interest may not intervene, said: "Parties in interest may assert their rights by intervention, notwithstanding that they may be neither necessary nor proper parties complainant or defendant to the main cause in which the receiver has been appointed."

It is next urged that the petition of Herman S. Strauss was insufficient in substance to entitle him to relief, in that it alleged only the provisions of the trust deed for the appointment of a receiver "to take charge of the premises and the rents, issues and profits therefrom," in the event of a default, and that the premises being foreclosed in the instant case are scant security for the lien of the trust deed foreclosed in case No. B-212247. In this connection it is urged that the order for the extension of a receivership is, in legal contemplation and effect, equivalent to an ordinary appointment, and that all the necessary requirements, statutory and otherwise, which are prescribed in the making of an original appointment, must be fulfilled. This contention was also made in the case of *Goldberg v. Hoffman, supra,* and there held to be untenable. Complainant's argument is evidently predicated on the erroneous assumption that an order appointing a receiver and an order extending the receivership are the same and are governed by identical principles. This is obviously not true. An order appointing a receiver is an extraordinary remedy, taking the property out of the custody of the owner. The law, therefore, imposes certain requirements appealing to the equitable consideration of the chancellor as conditions precedent to the granting of the relief sought. In this case a receiver had already been appointed and the court had

already taken custody of the owner's property. The extension order merely gave notice to all parties that the petitioner claimed an interest in the funds being collected by the receiver which would later be given effect if petitioner established his asserted prior lien, and if, at any time it became necessary to resort to the rents, issues, and profits. It would, therefore, follow from what has heretofore been stated, that the court properly refused to consider evidence on petitioner's motion as to the value of the security, that question being irrelevant to the issue presented upon petitioner's motion.

In the course of this appeal, Herman S. Strauss, by his attorneys, filed a motion herein to dismiss the appeal upon the ground that the statute providing for appeals from interlocutory orders is not sufficiently broad to include an appeal from an order extending a receivership. Inasmuch as briefs were filed by both of the parties to this appeal and the propriety of the order appealed from considered upon its merits, we find it unnecessary to pass upon appellees' motion.

We are of the opinion that there was no error in entering the order of July 31, 1931, extending the receivership, and the order is, therefore, affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.