Builders Bond and Mortgage Company, Appellee, v. Michael Wrobel (Rollin M. Coleman), Appellant.

### Gen. No. 35,346.

Opinion filed May 4, 1932. Rehearing denied May 20, 1932.

CUMMINGS & WYMAN, for appellant; AUSTIN L. WYMAN, of counsel.

ROSENBERG, CORLETT & TOOMIN, for appellee; JOSEPH ROSENBERG and MILTON M. HERMANN, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by Rollin M. Coleman, appellant, from an order entered in the superior court of Cook county, dismissing his petition for an order that certain rents in the hands of Nels A. Johnson, the receiver appointed in the cause of *Builders Bond and Mortgage Company, a corporation, complainant, v. Wrobel et al, defendants,* be paid to this appellant.

From the record it appears that the Builders Bond and Mortgage Company, a corporation, on December

27, 1928, filed its verified bill of complaint in the superior court of Cook county against Michael Wrobel et al, defendants, in cause No. 490268 for the foreclosure of a junior trust deed, covering certain premises at 2900 North Avers avenue, Chicago, Illinois, and prayed among other things, for the appointment of a receiver.

On December 31, 1928, on notice and motion of this complainant, a receiver was appointed. Subsequently, Rollin M. Coleman, the appellant, filed a bill of complaint against Wrobel et al., for the foreclosure of a prior trust deed in the superior court of Cook county, in cause No. 504414, and on August 14, 1930, an order was entered in said cause extending the receivership.

On January 24, 1931, a decree of sale was entered in this cause. The premises were sold, pursuant to a decree, for the sum of $2,602.37. The master's report of sale and distribution was approved, and the court entered a deficiency decree and continued the receiver in possession during the statutory period of redemption for the purpose of collecting and applying the rents in reduction of the deficiency decree due the complainant, Builders Bond and Mortgage Company.

Thereafter, the complainant in cause No. 490268 filed its verified petition setting forth the amount of the deficiency, the filing of a current report and account by the receiver showing funds on hand as of February 25, 1931, in the sum of $2,295.57, and praying that said sum be paid to the complainant by the receiver for the purpose of application on the deficiency decree, and on March 7, 1931, an order was entered by the court to that effect.

The appellant and complainant, Rollin M. Coleman, in cause No. 504414, on March 24, 1931, presented to the court in cause No. 490268 his verified petition praying for leave to become a party defendant thereto, and that the order entered in said cause on March 7, 1931,

be vacated or modified so as to provide that only rents from said premises accruing to August 14, 1930, less expenses incurred to said date, on the part of said receiver, be turned over to the complainant. Leave was granted to appellant to file his petition and become a party defendant, and answers were filed, and on May 11, 1931, the court entered the order appealed from finding that the order of August 14, 1930, in cause No. 504414, without the further entry of an order in cause No. 490268 was wholly ineffective to preserve a lien on the rents in the hands of the receiver for the benefit of appellant Rollin M. Coleman.

It has been suggested that the question before this court is: Where a receiver is appointed on a bill filed by a junior mortgagee, and subsequently a senior incumbrancer files a separate proceeding in the same court for the foreclosure of his mortgage, is an order entered in the subsequent proceeding, extending the receivership for the benefit of the complainant therein named, effective to preserve a lien for his benefit on the rents thereafter collected by the receiver, or must such an order extending the receivership be entered in the prior proceeding?

The rule that applies in the case of *Builders Bond and Mortgage Company, a corporation, v. Wrobel et al.*, cause No. 490268, where, upon the application of the complainant, a receiver was originally appointed, is that the complainant is entitled to have the rents collected by the receiver applied in satisfaction of its demands, irrespective of priorities, and until an order extending the receivership is properly entered.

The appellant, Rollin M. Coleman, the complainant in cause No. 504414, filed a bill to foreclose a prior trust deed, and in which case an order was entered after notice to the receiver already appointed extending the receivership, and therefore he contends that the rents collected after the entry of this order were

to be applied in satisfaction of this prior mortgage. While two actions to foreclose certain trust deeds securing notes were filed in the superior court, still these actions are separate causes of action, as separate and distinct as if one were filed in the superior court of Cook county, and one in the circuit court of Cook county.

Appellant Coleman is not in a position, because of the filing of his suit, to interfere with the property already in the hands of the receiver until steps are taken by him to subject the funds in the hands of the receiver to the satisfaction of his prior lien. If this court is to recognize and reward the diligence of the complainant, Builders Bond & Mortgage Company, in cause No. 490268, then the orderly procedure of Coleman is to apply for an order extending the receivership in the suit filed first in point of time to the suit of the appellant Coleman, filed subsequently. Such order to be acted upon must be presented to the court and entered in the cause wherein the receiver was appointed. It is in effect a modification of the original order of appointment to the extent that recognition is accorded to Coleman when such order of extension is entered. Otherwise the original order is not modified or in any way extended for his benefit. Until that is done, the rents collected by the receiver are lost to Coleman. To hold otherwise would tend to create confusion in the orderly administration of justice, and might cause a conflict in different branches of the same court where the jurisdiction embraced the same subject matter and persons. High on Receivers, section 688, 4th Edition. *Sullivan v. Rosson*, 223 N. Y. 217.

What we said in *Goldberg v. Hoffman*, 262 Ill. App. 112, applies in the instant case, namely:

"The appointment of the receiver in the instant case deprived the appellee (petitioner) of the power which it would otherwise have possessed to choose a

forum in which to assert its rights and compelled it to resort to the court in the instant case. Here the demand that the receivership be extended to protect its interests could be acted upon only by the court appointing the receiver. The appellee (petitioner), in pursuance of the only course open to it, filed in the instant case its petition setting forth the facts showing its right to the income and containing ample prayers to entitle its claim to recognition. Parties in interest may assert their rights by intervention, notwithstanding that they may be neither necessary nor proper parties complainant or defendant to the main cause in which the receiver has been appointed. (*Coleman v. Wrobel, supra; Sage v. Memphis & L. R. R. Co.*, 125 U. S. 361; *Minot v. Mastin*, 95 Fed. 734; *Odell v. Batterman Co.*, 223 Fed. 292; *Atlantic Trust Co. v. Dana*, 128 Fed. 209.)''

Further, Rollin M. Coleman, appellant, filed his petition in the *Builders Bond & Mortgage Co. v. Wrobel et al.*, cause No. 490268, praying that the order entered on March 7, 1931, may be vacated or modified so as to provide that only rents from said premises accruing to August 14, 1930, less expenses incurred to such date, on the part of the receiver, shall be turned over to said Builders Bond & Mortgage Company, which relief prayed for in the petition was denied by the court, for the reason that the entry of an order in cause No. 504414 extending the receivership in said cause is ineffective to preserve a lien on said rents for the benefit of Coleman unless and until the same is entered in cause No. 490268; therefore the court was justified in denying the relief prayed for in the petition.

For the reasons expressed in this opinion the order is affirmed.

*Order affirmed.*

FRIEND and WILSON, JJ., concur.