Matilda Yoelin, Administratrix with the Will Annexed
of the Estate of Michael Gorski, Deceased, et al.,
Appellees, v. John Kudla et al., Defendants.
On Appeal of Walter Waishwell, Intervening
Petitioner, Appellant.

Gen. No. 40,484.

414

Opinion filed December 5, 1939.   Rehearing denied December 26, 1939.

ALEX JANOSKI, of Chicago, for appellant.

ESTELLE M. WELLS, of Chicago, for appellees.

MR. PRESIDING JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This proceeding, instituted by the filing of a complaint in the nature of a creditor's bill, resulted in the entry of a decree and the appointment of a receiver, who took possession of the premises at 3856–58 South Kedzie avenue.

For a clearer understanding of the issues it is necessary to state the facts somewhat fully. Michael Gorski sustained injuries while working as an employee of John Kudla on a building at 2459 South Whipple street, Chicago, which property is not involved in this proceeding. On May 16, 1924, the industrial commission made an award in favor of Gorski against John Kudla. After somewhat protracted litigation the award was affirmed by the Supreme Court.

On November 23, 1925, Walter Waishwell sold the premises here involved to one Rozalia Kudla, wife of the aforesaid John Kudla, for $14,000, of which $5,000 was paid in cash and the balance of $9,000 by a purchase money mortgage in that amount secured by a trust deed to Helen Doberstein, trustee.

On December 16, 1930, Michael Gorski filed the complaint in this cause in the nature of a creditor's bill to enforce payment of his award against John Kudla out of the property at 3856–58 South Kedzie avenue, 3848–50 South Kedzie avenue and other property, all of which he asserted belonged to John Kudla, although legal title to said property was in Rozalia Kudla. Plaintiffs named Helen Doberstein, the trustee in the trust deed securing the Waishwell mortgage a party defendant, and attempted to establish in this proceeding that the mortgage to Waishwell was not a purchase money mortgage and to have it canceled and removed as a cloud upon the title to the property at 3856–58 South Kedzie avenue. Subsequent to the commencement of this suit Gorski died and Matilda Yoelin, his administratrix with the will annexed (hereinafter for convenience referred to as Matilda Yoelin), was substituted as a plaintiff in his stead. Kudla died March 13,

1934. On July 9, 1935, a decree was entered herein which ordered the cancellation of the Doberstein trust deed and the removal of same as a cloud on the title to the property at 3856–58 South Kedzie avenue, and further ordered a sale of such property, as well as the property at 3848–50 South Kedzie avenue and other property to satisfy the Gorski award. An appeal was taken to this court from said decree, which decree was affirmed in so far as it ordered the sale of the properties but reversed as to that portion thereof which ordered the cancellation of the Waishwell mortgage. [*Yoelin v. Kudla,* 287 Ill. App. 618 (Abst).] Relative to the Waishwell mortgage and the Doberstein trust deed securing same, we held on that appeal as follows:

"As to the finding of the decree that the trust deed from John Kudla and his wife, Rozalia Kudla, to Helen Doberstein, as trustee, was executed without consideration and as part of the scheme of the Kudlas 'to avoid paying compensation to Michael Gorski,' we think that the chancellor was clearly in error. When the property at 3856–58 Kedzie was purchased from Waishwell in the name of Rozalia Kudla on November 23, 1925, for $14,000, $5,000 was paid in cash and the balance of $9,000 by the execution of a purchase money mortgage in that amount secured by the trust deed to Helen Doberstein. There is not a scintilla of evidence in the record that Helen Doberstein ever had any interest in this $9,000 mortgage indebtedness except as trustee, but the record does show that Waishwell, from whom this property was purchased, took back this mortgage as part payment of the purchase price and later sold it to one Rybinski [Lapinski] for $9,000. The trust deed to Helen Doberstein securing the $9,000 indebtedness against the property is a valid lien upon same and John Kudla and Rozalia Kudla never at any time had any right, title or interest in or to the said trust deed or the principal note secured thereby. That portion of the decree setting aside and cancelling this trust deed and

removing it 'as a cloud from the title' to the property in question must, therefore, be reversed.''

The mandate of the Appellate Court issued pursuant to its judgment, which became a final determination that the mortgage given by the Kudlas to Waishwell was a purchase money mortgage and that the Doberstein trust deed given to secure same constituted a valid lien against the property in question.

On November 20, 1936, after the judgment of this court was entered on the appeal from the decree entered in this cause on July 9, 1935, and pursuant to said decree, James G. Barsaloux was appointed receiver of the property located at 3856–58 South Kedzie avenue, ''to take charge and possession of the . . . described premises, collect the rents, issues and profits therefrom, manage and operate the same, keep the buildings insured against fire hazard, and apply the net sums after paying all necessary expenses and repairs, from the said rentals and income, to the sums due under the decree herein, upon the order of Court, and present his reports to this Court for approval at regular intervals of each three months . . . and said Receiver shall hold the surplus of the income, issues and profits over and above the expenses and necessary disbursements for repairs, insurance premiums, and other necessary expenses, for payment to the complainants, or their attorneys for them upon order of Court herein to apply on the sums found due to the complainants by the decree hereinbefore entered.''

On May 21, 1937, Walter Waishwell filed a complaint in the circuit court in cause No. 37C 6151 to foreclose his trust deed on the property at 3856–58 South Kedzie avenue, and named Matilda Yoelin, and the receiver, James G. Barsaloux, parties defendant thereto. On May 25, 1937, Waishwell filed his intervening petition in this creditor's suit, alleging that he had filed a complaint in the circuit court in cause No. 37C 6151 for the foreclosure of the trust deed indebtedness, which

said trust deed indebtedness was secured by a first lien upon the property at 3856–58 South Kedzie avenue; that said trust deed, dated December 1, 1925, which was duly recorded February 2, 1926, was executed by Rozalia Kudla and John Kudla, her husband, to Helen Doberstein, to secure their note for $9,000, payable to the order of themselves on or before five years after date; that the trust deed was extended by two certain extension agreements and the principal amount of the indebtedness secured thereby was reduced from $9,000 to $5,000, which is the present unpaid balance due thereon; that no interest has been paid upon the unpaid balance due on the principal indebtedness since December 1, 1935, and that various taxes were past due and delinquent upon the premises in question; and that the trust deed, to foreclose which Waishwell filed his complaint in circuit court case No. 37C 6151, contained the following provision:

"The grantors waive all right to the possession of, and income from, said premises pending a foreclosure thereof, and until the period of redemption from any sale thereunder expires, and agree that a Receiver shall be appointed to take possession of and charge of said premises, and collect such income, —."

The intervening petition concluded with the prayer that an order be entered in this cause extending the receivership herein of James G. Barsaloux to the Waishwell foreclosure proceeding. To this intervening petition Matilda Yoelin filed an answer in which she attacked the validity of the mortgage sought to be foreclosed by Waishwell and alleged that if the Doberstein trust deed constituted any lien on the premises in question, such lien was subordinate and subsequent to the lien of the Gorski award of May 16, 1924, and could not be effective to interfere with the receivership in this cause. After a hearing upon the Waishwell intervening petition and the answer filed thereto by Matilda

Yoelin, the trial court on May 25, 1937, entered an order directing that all moneys collected by James G. Barsaloux, receiver, from the property be held by him until a final adjudication was had in the cause entitled *Waishwell v. Doberstein,* circuit court case No. 37C 6151, at which time the disposition of the funds held by said receiver "will be adjudicated by this court, except upon order of court . . . that no extension of the Receivership be allowed at this time."

On June 17, 1938, Waishwell filed another intervening petition in this cause, which alleged that the issues in the cause entitled *Waishwell v. Doberstein,* had been found in favor of the petitioner by the master to whom the foreclosure proceeding was referred and that subsequently a decree of sale was entered in said cause directing that the property at 3856–58 South Kedzie avenue be sold to satisfy the amount found due by said decree. It was further alleged that the issues in the foreclosure proceeding having been finally adjudicated in favor of the petitioner, the receivership should be extended to the said cause entitled *Waishwell v. Doberstein.*

After a hearing on this last mentioned petition, the following order was entered July 12, 1938:

"This cause having this day come on to be again heard on the petition of Walter Waishwell filed by leave of Court on May 25th, 1937, for an extension of the receivership from this case to cause entitled *'Walter Waishwell v. Helen Doberstein, et al.* 37C 6151' and for an order on the Receiver, James G. Barsaloux, to turn over all monies collected since May 25th, 1937 to the Receivership in cause No. 37C 6151, and it appearing to the Court that on May 25th, 1937, this Court entered an order in this cause ordering in part as follows:

" 'that all monies collected by James G. Barsaloux, Receiver, from property at 3856–58 South

Kedzie Avenue, Chicago, from this day on be held by him until final adjudication in the cause entitled *Walter Waishwell v. Helen Doberstein,* Circuit Court Case No. 37C 6151, at which time the disposition of the funds collected by said Receiver will be adjudicated by this Court,'

"It further appearing to the Court that on June 17th, 1938, a further petition was filed by said Walter Waishwell for the extension of the receivership, and that all monies collected by the receiver, James G. Barsaloux, be turned over to the receivership in cause entitled *Walter Waishwell v. Helen Doberstein, etc., et al.,* 37C 6151, in which petition it was alleged that a decree of sale in cause entitled *Walter Waishwell v. Helen Doberstein, etc., et al.,* 37C 6151, was entered on May 20th, 1938, and it being further represented unto the Court that pursuant to said decree a sale was had in said cause on June 21st, 1938, which sale was approved by the Court on June 27th, 1938, at which time a deficiency in the sum of Eleven Hundred Eighteen and 12/100ths ($1,118.12) Dollars was entered in favor of Walter Waishwell the plaintiff in said cause; and

"It further appearing to the Court that Matilda Yoelin, Administratrix of the Estate of Michael Gorski, deceased and James G. Barsaloux, Receiver have taken an appeal to the Supreme Court from the decree entered on May 20th, 1938 in cause entitled *Walter Waishwell v. Helen Doberstein,* Trustee *et al.,* 37C 6151 and that on July 5th, 1938 an order was entered making the appeal from the decree entered on May 20th, 1938, a supersedeas upon the filing of a bond for Two Hundred Fifty ($250) Dollars; and

"It further appearing to the Court that said bond has been filed and approved by a Justice of the Supreme Court and a supersedeas having issued;

"It Is, THEREFORE, ORDERED that the motion and petitions for the extension of the Receivership from this

cause to cause entitled *Walter Waishwell v. Helen Doberstein,* Trustee, etc., *et al.,* 37C 6151, and the motion for order on Receiver to turn over all monies collected since May 25th, 1937, to cause entitled 37C 6151, be entered and continued pending the outcome of the appeal from decree entered May 20th, 1938, in cause No. 37C 6151.''

On July 14, 1938, Matilda Yoelin filed a petition herein alleging that she was impleaded as one of the many parties defendant in the cause of *Bednarczyk v. Kudla,* No. 36C 12305 in the circuit court (a proceeding brought to foreclose a first mortgage, not on the premises here involved but on the property at 3848–50 South Kedzie avenue); that she interposed her defense therein and introduced many exhibits in support of same, but that, notwithstanding her said defense, a decree of foreclosure and sale was entered in said cause on June 27, 1938, from which "she is appealing to the Supreme Court"; that "it was necessary to advance the costs of said appeal and to pay the expenses of defending said cause in the Circuit court, all of which costs aggregated $156.20"; and that in addition to such costs and expenses "there will be other costs involved in having abstract of record and brief printed," payment for which must be made before September 14, 1938. Her petition concluded with the prayer that the receiver of the property at 3856–58 South Kedzie avenue, be ordered to pay her the sum of $156.20 theretofore expended by her in said *Bednarczyk* case and to pay the bills for printing the brief and abstract of record of petitioner as said bills are rendered.

Matilda Yoelin also filed another petition July 14, 1938, which alleged in substance that she and the receiver appointed herein, James G. Barsaloux, were made parties defendant in the foreclosure suit filed by Walter Waishwell, the intervening petitioner here; that a decree of sale was entered on May 20, 1938, in the case

of *Waishwell v. Doberstein;* that "if said decree of May 20, 1938, should be allowed to stand it would tend to destroy the receivership estate herein, and also to destroy a very material part of the decree of July 9, 1935, in this cause, which provided for the sale of said filling station property and garage property next to it"; that petitioner and the receiver "defended in said foreclosure suit of *Waishwell v. Doberstein,* circuit court No. 37C 6151 and have perfected their appeal from the decree of May 20, 1938, to the Supreme Court"; that "petitioner truly believes the appeal will be successful in reversing said decree"; that Estelle M. Wells, as attorney for petitioner and for James G. Barsaloux, receiver, "has advanced costs in the Circuit court in defending said case in the sum of $115.20 which were necessary, including court reporter before the Master, and has advanced in the appeal so far the sum of $27.62, and will necessarily have to pay the Clerk of this Court for the balance of the record for filing in the Supreme Court his charges, which he has informed the petitioner's attorney are $53.00." This petition concluded with the prayer "that said receiver, James G. Barsaloux, may be authorized to reimburse Estelle M. Wells for the costs by her advanced, in case 37C 6151 in the sum of $115.20, and pay the $27.62 advanced on said appeal, and the $53.00 charge of the Clerk of this court for balance of record on appeal, and that he be required by order herein to pay other charges and costs of said appeal including necessary printing of abstract of record and brief as soon as said bills are due, which will all be before September 14, 1938."

In response to the foregoing petitions of plaintiffs the following order was entered on July 14, 1938:

"On motion of Estelle M. Wells, solicitor for Plaintiffs, for order requiring the receiver, James G. Barsaloux, to pay from the fund in his possession costs incurred by plaintiff, Matilda Yoelin, Administratrix of Estate of Michael Gorski in defending in the Circuit

Court cases 37C 6151, *Waishwell v. Doberstein*, Trustee, etc., *et al.*, and 36C 12305, *Andrew Bednarczyk v. Rozalia Kudla, et al.*, and in the two appeals which she is prosecuting from said Decrees of Sale in each case, and jointly with the receiver herein in case 37C 6151, in which he was also impleaded as party defendant; said decrees of sale involving the filling station property and the garage property, part of the subject matter of the Decree entered herein on July 9, 1935;

"It Is Ordered, that James G. Barsaloux pay to plaintiffs' attorney, Estelle M. Wells, the sum of $195.82 advanced in trial and appeal to this date in Case 37C 6151, *Waishwell v. Doberstein;* and the sum of $156.20 advanced in trial and for filing appeal from *Bednarczyk v. Kudla,* 36C 12305, Circuit Court, and pay necessary printing costs of abstracts of record and briefs in both cases as they accrue from rents collected by him."

It is from this order that Waishwell, the intervening petitioner, prosecutes this appeal, as well as from the following order entered July 5, 1938:

"On Motion of Estelle M. Wells, solicitor for Plaintiff and for Receiver, James G. Barsaloux, for leave to said Receiver to sign a supersedeas bond for $250 in the Supreme Court today;

"It is ordered that James G. Barsaloux, Receiver, may sign said appeal supersedeas bond jointly with Matilda Yoelin, Administratrix, for approval of the Supreme Court in the sum of Two Hundred Fifty ($250) Dollars."

The decree of sale entered in the Waishwell foreclosure proceeding, as heretofore shown, was appealed to the Supreme Court. It was later transferred to this court. In an opinion filed May 2, 1939, in said appeal (*Waishwell v. Doberstein,* 300 Ill. App. 341), affirming the decree, we held that the lien of the Waishwell mortgage on the property at 3856–58 South Kedzie avenue was paramount and superior to the lien of the Gorski

award. Petition for leave to appeal from the judgment of this court was denied by the Supreme Court.

The intervening petitioner contends that the trial court erred (1) "in entering the Order of July 5, 1938, granting leave to the Receiver, James G. Barsaloux, to sign a supersedeas bond in the Supreme Court in the appeal from the foreclosure decree"; and (2) "in entering the Order of July 14, 1938, giving leave to the Receiver, James G. Barsaloux, to pay to Estelle M. Wells, attorney for the plaintiffs in the creditor's suit and also attorney for the Receiver, James G. Barsaloux, the costs incurred in defending the foreclosure suit filed by Waishwell in cause No. 37C 6151, involving property at 3856–58 South Kedzie avenue, and also the costs incurred in defending the suit entitled *Bednarczyk v. Kudla,* in cause No. 36C 12305, involving property at 3848–50 South Kedzie avenue, and all the costs for appealing from the decrees in the aforesaid proceedings."

It will be noted that by the order of May 25, 1937, the court directed that all moneys thereafter collected by the receiver from the property at 3856–58 South Kedzie avenue "be held by him" until a final adjudication was had in the foreclosure proceeding instituted by Waishwell, at which time the disposition of the funds so held by the receiver "will be adjudicated." The fact that this order concluded with the apparently inconsistent expression "that no extension of the Receivership be allowed at this time" could not affect or change the substance of the order, the legal effect of which was to extend the receivership to the foreclosure proceeding.

It has been repeatedly held that where a receiver is appointed in one case and is in possession of the mortgaged premises, the court should upon a proper showing extend the receivership to cover the premises in a foreclosure suit instituted by a prior mortgagee. An order extending the receivership merely gives notice to all parties that the petitioner claims an interest in the

funds being collected by the receiver which will later be given effect if the petitioner establishes his prior lien, and if it becomes necessary to resort to the rents, issues and profits of the premises involved. (Reeve Illinois Law of Mortgages and Foreclosures, vol. 2, sec. 548, p. 632; *Seegren v. Decker,* 263 Ill. App. 373.) The order of May 25, 1937, certainly gave notice to all parties concerned of the interest claimed by the intervening petitioner in the funds being collected by the receiver and the court recognized such interest by directing that the receiver hold the funds collected by him after the date of the entry of the order until a final adjudication was had in the foreclosure suit. Where a receiver is appointed in a creditor's suit and subsequently a first mortgagee files a complaint in the same court to foreclose his mortgage and files a petition in the creditor's suit to extend the receivership from such creditor's suit to the foreclosure proceeding and such order is entered, the first mortgagee is entitled upon an adjudication that his first mortgage is a valid and paramount lien to have the rents and profits applied upon his mortgage. (*Cross v. Will County Nat. Bank,* 177 Ill. 33.)

In the case at bar not only was a decree entered in the foreclosure proceeding finding that the mortgage sought to be foreclosed by Waishwell was a first and prior lien against the premises but a sale was had therein which was approved and a deficiency decreed in the amount of $1,118. As hereinabove shown Waishwell's decree of foreclosure and sale was affirmed by this court and leave to appeal denied by the Supreme Court so that no longer can either the finality of the adjudication in that case or the priority of Waishwell's lien be questioned.

Just what is the situation presented? Waishwell has a final adjudication that his mortgage is a valid first lien on the property involved. A sale was had of such property, which resulted in a deficiency of $1,118, for

which a decree was entered in his favor. The trust deed securing his first mortgage gave him the right to the rents, issues and profits of the property, if it became necessary to resort to same to satisfy his decree. His interest in the property in question and the proceeds accruing therefrom was recognized by the trial court in the order entered May 25, 1937, extending the receivership herein to the foreclosure proceeding instituted by him and directing the receiver to conserve the funds thereafter collected from the property until said foreclosure proceeding was finally adjudicated. The sole purpose of the extension of the receivership was to protect Waishwell's interest in the funds ordered conserved by the receiver. Yet in spite of all this, by the order of July 14, 1938, directing the receiver to make the payments enumerated in said order to Estelle M. Wells, as attorney for Matilda Yoelin, the court defeated the very purpose of the extension of the receivership by sanctioning the depletion and dissipation of the funds in the hands of the receiver which have since been finally determined to belong to Waishwell. By the order of May 25, 1937, the court recognized that the right to the money in the hands of the receiver was at that time undetermined and by its order of July 12, 1938, entered after the decree of foreclosure in Waishwell's favor and the appeal taken therefrom had been called to its attention, the court recognized that the rights of the respective parties to the conserved funds were still undetermined.

Under the circumstances the court was precluded from disregarding the order of May 25, 1937, and from directing payments to be made purely for the benefit of the plaintiffs in this cause out of funds that did not belong to them and in and to which it has since been finally determined that they had no right or interest. The order of July 14, 1938, directing the receiver to pay out of the funds ordered conserved by him the costs and expenses of plaintiffs herein incident to their de-

fense of Waishwell's foreclosure suit and their costs and expenses incurred in appealing from the decree entered therein, as well as similar costs and expenses incident to the Bednarczyk foreclosure suit, was clearly erroneous.

Plaintiffs in their brief advance 13 reasons why the orders appealed from should be affirmed or the right of the intervening petitioner to appeal from same denied. Of these propositions or reasons only a few need be noticed since the others either are inapplicable or deal with questions which have been finally determined on other appeals.

It is urged that the orders appealed from are not final appealable orders. In answer to this contention it is only necessary to say that since the order of July 14, 1938, directed the receiver to make payments out of the funds in his hands in the amounts and for the purposes specified, an appeal lies from it upon behalf of any person interested in such funds. The order appropriated part of the assets of the receivership and directly affected the interests of the mortgagee intervening petitioner. (*People v. Illinois State Bank of Crete,* 312 Ill. 613.) Waishwell's right to question the order is obvious since his petition alleged and it is not disputed that the trust deed securing his first mortgage gave him the right to the rents, issues and profits of the property involved. It was the fund resulting from the collection of such rents, issues and profits which was depleted and dissipated by the receiver as a result of the entry of the aforesaid order of July 14, 1938.

Plaintiffs insist that only parties to the main cause have the right to appeal. It is sufficient answer to this contention to say that "parties in interest may assert their rights by intervention, notwithstanding that they may be neither necessary nor proper parties complainant or defendant to the main cause in which the receiver has been appointed," as was held in *Goldberg v. Hoffman,* 262 Ill. App. 112. Since Waishwell had the right

to intervene, it follows that he had the right to appeal from final orders which affected his interests adversely.

Plaintiffs in the main cause, that is the creditor's proceeding, claim that they had the exclusive right to the rents in the hands of the receiver. In *Goldberg v. Hoffman, supra,* in passing upon a like claim and other questions similar to those raised here involving Waishwell's right to intervene and to the extension of the receivership, we said at pp. 115 and 116:

"It is also contended that the petitioner (appellee) was not entitled to the extension order because it was not a party and did not become a party to the instant cause. We think the contention is without merit. The lien of the complainant (appellant), second mortgagee, on the rents was always subject to the prior lien, pledge and conveyance thereof evidenced by the first mortgage. Any exclusive right that the appellant had to rents through the appointment of a receiver at his instance is predicated not on his second mortgage contract but on his superior diligence. Such exclusive right continues, of course, only so long as the prior mortgagee refrains from asserting his prior right. (*Cross v. Will County Nat. Bank,* 177 Ill. 33, 39.) The court appointing the receiver has the power to determine priority and to give each party protection. (*Coleman v. Wrobel,* 255 Ill. App. 622.)

" 'All the authorities sustain the proposition that, when a court of equity acquires jurisdiction of a cause, and appoints a receiver to take charge of the property involved, then no other court of co-ordinate jurisdiction has any power or authority to interfere or meddle with the property in the hands of the receiver, but must leave the court appointing the receiver untrammeled in its administration of the same, as the law directs, regardless of whether the original appointment was or was not erroneous. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the

same subjects and persons, and has no reference to the supremacy of one tribunal over the other, nor to the superiority in rank of the respective claims, in behalf of which the conflicting jurisdictions are invoked. Nor is the rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court . . . .' (23 Ruling Case Law, sec. 71.)

''The appointment of the receiver in the instant cases deprived the appellee (petitioner) of the power which it would otherwise have possessed to choose a forum in which to assert its rights and compelled it to resort to the court in the instant case. Here the demand that the receivership be extended to protect its interests could be acted upon only by the court appointing the receiver. The appellee (petitioner), in pursuance of the only course open to it, filed in the instant case its petition setting forth the facts showing its right to the income and containing ample prayers to entitle its claim to recognition.''

In our opinion the contention of the intervening petitioner that a receiver cannot appeal from any order or decree which does not affect the settlement of his accounts is a meritorious one. It was so held in *Haigh v. Carroll*, 197 Ill. 193, where the court said at p. 196: ''A receiver appointed in a foreclosure suit cannot appeal from or sue out a writ of error to review the decrees and orders entered in such cause, except in so far as they affect the settlement of his accounts.'' It is obvious that the receiver was made a party defendant in the Waishwell foreclosure case merely because he was in possession of the mortgaged premises and no attempt was made to interfere with his possession of the property. Only one question was presented on the appeal from the decree in the foreclosure proceeding and that was the question of priority between the lien of the Waishwell trust deed and the Gorski award. Surely the receiver had no appealable interest in that

question. In the foreclosure case there was not and there could not have been any question with respect to the accuracy of the receivership accounts, since such accounts remained in this creditor's proceeding. We are impelled to hold that the trial court erred in entering the order of July 5, 1938, granting leave to the receiver to sign a supersedeas bond in the Supreme Court in the appeal from the Waishwell foreclosure decree.

For the reasons stated herein the orders of the circuit court of July 5, 1938, and July 14, 1938, are reversed.

*Orders reversed.*

FRIEND and SCANLAN, JJ., concur.